UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Cliff Rhude,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A., and Capital One Services, LLC,<br><br>    Defendants. | Case No. 1:15-cv-1618<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Cliff Rhude ("Cliff"), is a natural person who resided in Franklin, Indiana, at all times relevant to this action.

2. Defendant, Capital One Bank (USA), N.A. ("Capital One Bank"), is a national banking association whose articles of association designate its main office to be Glen Allen, Virginia.

3. Defendant, Capital One Services, LLC ("Capital One Services"), is a Delaware limited liability company that maintained its principal place of business in McLean, Virginia, at all times relevant to this action.

4. Capital One Bank and Capital One Services are each a subsidiary of Capital One Financial Corporation.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district. *See Al & Po Corp. v. American*

*Healthcare Capital, Inc.*, 2015 U.S. Dist. LEXIS 19922, *8 (N.D. Ill. Feb. 19, 2015) (in TCPA case, situs of material events includes where calls were received); *accord Michaels v. Micamp Merchant Servs.*, 2014 U.S. Dist. LEXIS 7785, *3-4 (M.D. Fla. Jan. 22, 2014).

## **STATEMENT OF FACTS**

7. Within the past twelve months, and before, Capital One Services has been calling Cliff on his cellular phone in an attempt to speak with another individual who had allegedly incurred a debt with Capital One Bank.

8. Shortly after the calls began, Cliff advised Capital One Services that they called the wrong number.

9. In addition, Cliff communicated his desire that Capital One Services cease calling him.

10. Despite this communication, Capital One Services continued to call Cliff on his cellular phone.

11. Thereafter, Cliff repeatedly advised Capital One Services that they called the wrong number and communicated his desire that Capital One Services cease calling him.

12. Despite these communications, Capital One Services continued to call Cliff on his cellular phone.

13. Capital One Services's continued calls frustrated Cliff.

14. Cliff considered changing his phone number to stop the calls, but doing so would be a major inconvenience for Cliff.

## APPLICABLE LAW

15. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

    Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

    137 Cong. Rec. 30,821 (1991).

16. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

17. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

18. A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 13, ¶ 13; *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd.

14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

19. Capital One Services placed calls to Cliff using a predictive dialer.

20. The pattern and frequency of Capital One Services's calls to Cliff support the allegation that Capital One Services used a predictive dialer to call Cliff.

21. Because Capital One Services used a predictive dialer to call Cliff on his cellular phone, Capital One Services used an ATDS within the meaning of the TCPA.

22. The TCPA provides, in part:

> (b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

23. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made.  *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *Zyboro v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 504 (S.D.N.Y. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014); *In the Matter of Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶ 73.

24. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Sterling v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

25. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, p. 40, ¶ 72.

26. Cliff was the "called party" in each telephone call Capital One Services placed to a Plaintiff's cellular telephone.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 14 above as if fully set forth herein.

28. Capital One Services negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

29. Because Capital One Services's calls to Cliff were placed on behalf of Capital One Bank, Capital One Bank is vicariously liable to Cliff for Capital One Services's negligent violations of Section 47 U.S.C. § 227(b)(1)(A).

## COUNT TWO

**Willful and Knowing Violation of the Telephone Consumer Protection Act**

30. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 14 above as if fully set forth herein.

31. The TCPA provides, in part:

    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

    47 U.S.C. § 227(b)(3).

32. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

33. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

34. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

35. Capital One Services voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

36. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called.  *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

37. Capital One Services failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

38. Capital One Services willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

39. Because Capital One Services's calls to Cliff were placed on behalf of Capital One Bank, Capital One Bank is vicariously liable to Cliff for Capital One Services's willful and knowing violations of Section 47 U.S.C. § 227(b)(1)(A).

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a. An order enjoining each Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against each Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Jeffrey S. Hyslip, Esq.
Hyslip & Taylor, LLC, LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com

Date: October 13, 2015

- 8 -